UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Petitioner,**

v.                                    **Civil Action 2:25-cv-927**
                                        **Chief Judge Sarah D. Morrison**
                                        **Magistrate Judge Chelsey M. Vascura**

**MIDWEST AERIAL PHOTOGRAPHY,**

    **Respondent.**

## ORDER

This matter is before the Court on the Petition of the United States of America, on behalf of its agency, the Federal Aviation Administration ("FAA"), to compel Respondent Midwest Aerial Photography to comply with the subpoena *duces tecum* issued by FAA. (ECF No. 1.) For the following reasons, the Petition is **GRANTED**.

Pursuant to 49 U.S.C. § 46104(a)(1), the FAA issued a subpoena *duces tecum* on November 4, 2024, requiring Respondent to produce documents reflecting certain data for flights by two different aircraft over a several-year period. (*See* Subpoena *Duces Tecum,* ECF No. 1-2.) In response, Respondent's owner produced a single spreadsheet containing some, but not all, of the requested data. (Pet. ¶ 6, ECF No. 1.) When the FAA followed up, Respondent's owner asserted that Respondent had already submitted all available records to the FAA. (*Id.* at ¶ 8.) The FAA later deposed Respondent's Chief Operating Officer, who testified that Respondent had other documents in its possession that would be responsive to the subpoena. To date, despite

additional requests from the FAA, Respondent has made no further document production. (*Id.* at ¶ 16.) Nor has Respondent appeared in this action or responded to the Petition.

"A subpoena enforcement proceeding is a summary process designed to decide expeditiously whether a subpoena should be enforced." *Equal Emp. Opportunity Comm'n v. Ferrellgas, L.P.*, 97 F.4th 338, 344 (6th Cir. 2024) (quoting *EEOC v. United Parcel Serv., Inc.*, 859 F.3d 375, 378 (6th Cir. 2017) and *EEOC v. Roadway Express, Inc.*, 750 F.2d 40, 42 (6th Cir. 1984)). Indeed, "a district court plays only a limited role in the enforcement of an administrative subpoena." *Doe v. United States*, 253 F.3d 256, 262 (6th Cir. 2001) (quoting *United States v. Markwood,* 48 F.3d 969, 976 (6th Cir.1995)). "All the district court must do in deciding whether to enforce an administrative subpoena is 1) determine whether the administrative agency to which Congress has granted the subpoena power, in this case the [Federal Aviation Administration], has satisfied the statutory prerequisites to issuing and enforcing the subpoena, and 2) determine whether the agency has satisfied the judicially created standards for enforcing administrative subpoenas." *Doe*, 253 F.3d at 262.

In this case, 49 U.S.C. § 46104 grants Petitioner the authority to subpoena the production of documents with respect to an investigation under 49 U.S.C. § 46101. Petitioner's request for production of documents from Respondents is within the statutory authority cited and the Court finds that it is relevant to the investigation at issue. Moreover, the undersigned finds that the subpoena satisfies the judicially created standards for enforcing administrative subpoenas; that is, the requested documents are relevant to the FAA's investigation, the information sought is not already in the FAA's possession, and enforcing the subpoena will not constitute an abuse of the Court's process. *See Doe*, 253 F.3d at 265; *Markwood*, 48 F.3d at 980.

Accordingly, the Petition to Enforce Subpoena (ECF No. 1) is **GRANTED**. Respondent is **ORDERED** to produce, **WITHIN 30 DAYS** of the date of this Order, the documents identified in the Subpoena *Duces Tecum* (ECF No. 1-2). The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE